UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JAMES PHILIP DOUGLAS,<br><br>      Petitioner,<br><br> v.<br><br>ROBERT S. MASKO,<br><br>      Respondent. | No. C09-5439 RJB/KLS<br><br>ORDER DECLINING TO SERVE PETITION AND GRANTING LEAVE TO AMEND |

Petitioner, James Philip Douglas, is a state prisoner currently incarcerated at the Pierce County Jail, located in Tacoma, Washington. This matter is before the Court on petitioner's petition for writ of habeas corpus filed with this Court pursuant to 28 U.S.C. § 2241. The Court, having reviewed the petition and the balance of the record, hereby finds and **ORDERS:**

On July 17, 2009, Mr. Douglas filed an application to proceed in forma pauperis and a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 1.

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent. 28 U.S.C. § 2254(b)(3). A waiver of exhaustion, thus may not be implied or inferred. A petitioner can satisfy the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. *Picard v. Connor*, 404 U.S. 270, 276 (1971); *Middleton v. Cupp*, 768 F.2d 1083,

ORDER DECLING TO SERVE PETITION AND GRANTING LEAVE TO AMEND - 1

1086 (9th Cir. 1985). Full and fair presentation of claims to the state court requires "full factual development" of the claims in that forum. *Kenney v. Tamayo-Reyes*, 504 U.S. 1, 8 (1992).

It is not enough that all of the facts necessary to support the federal claim were before the state courts, or that a somewhat similar state law claim was made. *Duncan v. Henry*, 513 U.S. 364, 366 (1995) (citing *Picard v. Connor*, 404 U.S. 270 (1971) and *Anderson v. Harless*, 459 U.S. 4 (1982)). A federal claim is "fairly and fully" presented to the state courts if the claim is presented "(1) to the proper forum, (2) through the proper vehicle, and (3) by providing the proper factual and legal basis for the claim." *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005) (internal citations omitted). The petitioner "must alert the state courts to the fact that he is asserting a federal claim in order to fairly and fully present the legal basis of the claim." *Id.*

The claim must be fairly presented in "each appropriate state court," that is, at each level of state review, so as to alert the state "to the federal nature of the claim," and to give it the "opportunity to pass upon and correct" alleged violations of the petitioner's federal rights. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (citations and internal quotation marks omitted); see also *Ortberg v. Moody*, 961 F.2d 135, 138 (9th Cir. 1992). The federal basis of the claim, furthermore, must be made "explicit" in the state appeal or petition, "either by specifying particular provisions of the federal Constitution or statutes, or by citing to federal case law." *Insyxiengmay*, 403 F.3d at 668; *Baldwin*, 541 U.S. at 33.

In his proposed petition for writ of habeas corpus under 28 U.S.C. § 2241, Mr. Douglas indicates that he appealed his claim(s) to the Washington Court of Appeals, Division II. Dkt. 1-2, p. 2. He also indicates that written opinions or orders entered relating to his claim(s) have issued only from Division II of the Washington Court of Appeals. *Id.*, p. 3.

ORDER DECLING TO SERVE PETITION AND GRANTING LEAVE TO AMEND - 2

This court's review of the available state court decisions reveals that the Washington Court of appeals reversed and remanded Mr. Douglas' convictions of first degree arson, residential burglary and violation of a domestic violence court order, and affirmed his convictions of second degree assault, fourth degree assault, and bail jumping. *State of Washington v. James Phillip Douglas*, 2008 WL 4062794 (Wash.App. Div. 2. Sept. 3, 2008). On June 3, 2009, Division II of the Washington Court of Appeals dismissed Mr. Douglas' personal restraint petition relating to his convictions for second degree assault, fourth degree assault and bail jumping. *In re the Personal Restraint Petition of James P. Douglas*, No. 38530-9-II. In that petition, Mr. Douglas argued that the Department of Corrections is holding him beyond his early release date. *Id*., p. 1. He also argued that the Washington Court of Appeals should grant an appeal bond while he is awaiting retrial on the charges that were reversed and remanded in Cause Nos. 34415-3-II and 34451-1-II, but acknowledged in a subsequent letter that is not an available remedy. *Id*., p. 1 n. 1.

In his proposed federal habeas petition, Mr. Douglas argues that he is being illegally held beyond his early release date, that he should not be retried because double jeopardy has attached, and that the Superior Court of Pierce County has no bail hold on him at the Pierce County Jail. Dkt. 1-2, p. 3. In his federal habeas corpus petition, however, Mr. Douglas does not indicate that these grounds for relief have been properly exhausted in state court. Specifically, the petition does not show that Mr. Douglas' claims for relief have been presented to the Washington State Supreme Court.

Accordingly, the court shall not serve the petition on respondent[s]. In addition, Mr. Douglas shall file by no later than **October 9, 2009**, an amended petition under 28 U.S.C. § 2241

showing that his grounds for federal relief have been properly exhausted in state court or show cause why this matter should not be dismissed.

The Clerk shall send a copy of this Order to Mr. Douglas.

**DATED** this  18th  day of September, 2009.

                                                   Karen L. Strombom
                                                   United States Magistrate Judge

ORDER DECLING TO SERVE PETITION AND GRANTING LEAVE TO AMEND - 4