UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JAMES PHILIP DOUGLAS,

                          Petitioner,

          v.

ROBERT S. MASKO,

                          Respondent.

No. C09-5439 RJB/KLS

ORDER DENYING MOTIONS FOR
APPOINTMENT OF COUNSEL AND
FOR DISCOVERY

    This 28 U.S.C. § 2254 petition has been assigned to United States Magistrate Judge

Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  Petitioner has

filed motions for the appointment of counsel and for discovery.  Dkts. 30 and 31.  After careful

review, the court finds that both motions should be denied.

    There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254

unless an evidentiary hearing is required, because the action is civil, not criminal, in nature.  See

*Terravona v. Kincheloe*, 852 F.2d 424, 429 (9th Cir. 1988); *Brown v. Vasquez*, 952 F.2d 1164,

1168 (9th Cir. 1992); and Rule 8(c) of the Rules Governing Section 2254 Cases in the United

States District Courts.  An evidentiary hearing has not been granted in this case and the claims in

ORDER - 1

the petition are adequately set forth and articulated.  Petitioner has not yet demonstrated that an evidentiary hearing is necessary or that he is entitled to one.

Petitioner also requests "unfettered access to his court files and transcripts."  Dkt. 31. Respondent submitted the relevant state court record on May 10, 2010.  Dkt. 24-2.

Under the Antiterrorism and Effective Death Penalty Act (AEDPA), a federal court's power to upset a state court's adjudication of a criminal case is very limited.  A federal court shall not grant a habeas petition with respect to any claim adjudicated on the merits in the state courts unless the adjudication either:  (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented to the state courts.  28 U.S.C. § 2254(d).   A determination of a factual issue by a state court shall be presumed correct, and the applicant has the burden of rebutting the presumption of correctness by clear and convincing evidence.  28 U.S.C.  § 2254(e)(1).

Rule 5(c) of the rules governing § 2254 cases provides that the respondent shall indicate in the answer to a habeas petition what transcripts are available and what proceedings have been recorded but not transcribed.  The State must attach to its answer any parts of the transcript it deems relevant.  Once this is done, the court, on its own motion or upon request of the petitioner may order that further portions of the existing transcripts be furnished or that certain portions of the non-transcribed proceedings be transcribed and furnished.  Rules Governing Section 2254 Cases in the U.S. Dist. Cts., 28 U.S. C. Pt. VI, ch. 153, Rule 5 (emphasis added); *Simental v. Matrisciano*, 363 F.3d 607, 612 (7th Cir.  2004.)  As noted by the *Simental* court, on habeas review, except in limited circumstances, the district court does not make independent factual

ORDER - 2

determinations.  *Id*. citing 28 U.S.C. § 2254(e); *United States ex rel. Green v. Greer*, 667 F.2d 585, 586 (7th Cir. 1981) (an examination of a record is not required if the petitioner fails to identify any incompleteness or inaccuracies in the facts before the district court.)

The Ninth Circuit's holding in *Richmond v. Ricketts*, 774 F.2d 957 (9th Cir. 1985), requiring that the district court examine all relevant parts of the state court record, is not inconsistent with these holdings or Rule 5.  Under Rule 5, the determination of relevance is left to the discretion of the respondent. A demand for further documentation can only be executed by court order *sua sponte* or by request of the petitioner.  § 28 U.S.C.A. 2254, Rule 5, Advisory Committee Notes, 1976 Adoption. Upon such a request the burden is placed on the petitioner to prove to the court that the excluded materials requested are relevant and necessary. When a dispute concerning relevance arises, the burden is on the petitioner to prove to the court that the excluded materials are necessary for the petition. *Richmond v. Ricketts*, 640 F.Supp. 767 (Ariz. 1986).

Petitioner does not specify whether the relevant state court record provided by Respondent is deficient or that it excluded materials that are relevant and necessary.  If the Petitioner is alleging insufficiency of evidence to support factual findings, then 28 U.S.C. § 2254(f) provides that the burden shifts to Petitioner to produce those parts of the record pertinent to his claims.  That subsection further states that if the Petitioner, because of indigency or other reason is unable to produce such part of the record, then the State shall do so and the court shall direct the State to do so by order directed to an appropriate State official.  *Id*.  The subsection further provides that if any of the pertinent record cannot be provided, the court shall determine under the existing facts and circumstances what weight shall be given to the State court's factual determination.  *Id*.

ORDER - 3

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

Included in Respondent's submission of relevant state court record, are the judgments and sentences, orders establishing conditions of release, and the state court briefing and rulings. Dkt. 24-2.

Petitioner has not provided an explanation of how and why any of the records he is requesting are necessary for this court's analysis of his claims on the merit.

Accordingly, it is **ORDERED** Petitioner's motions for the appointment of counsel and for discovery (Dkts. 30 and 31) are **DENIED**.

DATED this __15th__ day of June, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER - 4